Tang v. Garland

BIA
Cassin, IJ
A097 518 831

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

FEI JUN TANG,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6514
NAC

_____

FOR PETITIONER:             Zhen Liang Li, Esq., New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Jun Tang, a native and citizen of the People's Republic of China, seeks review of an August 23, 2021, decision of the BIA affirming an October 5, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Jun Tang*, No. A097 518 831 (B.I.A. Aug. 23, 2021), *aff'g* No. A097 518 831 (Immigr. Ct. N.Y.C. Oct. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA affirms the IJ's decision and adopts its reasoning, we consider both the IJ's and BIA's decisions together. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), treating "the administrative findings of fact [as] conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The agency may base its credibility determination on the "totality of the circumstances" and "all relevant factors," including "the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii).

Tang alleged that the police in China detained and beat him for practicing Christianity in an unregistered church and that he continues to practice Christianity in the United States. Substantial evidence supports the agency's determination that Tang was not credible.

In making that finding, the agency reasonably relied on (1) Tang's inconsistent statements regarding whether police beat him with an electric baton on his hand, (2) his inconsistent evidence regarding when he first contemplated

3

leaving China, and (3) his hesitant and vague testimony when confronted with his inconsistent statements and when questioned about his church attendance and his employment. *See id.*; *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Moreover, Tang failed to provide a compelling explanation for those inconsistencies and, when questioned about them, was only evasive or nonresponsive in his answers. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

With Tang's credibility already in question, the agency also reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant

4

unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably afforded limited weight to letters from Tang's wife and mother because those statements were prepared by interested parties who were not available for cross-examination. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according . . . little weight [to letters from applicant's wife and a person arrested with him] because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"). Nor did the IJ err in finding that Tang's medical record was insufficient to rehabilitate his testimony because his injuries were not described consistently with his testimony. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Finally, while the IJ found that Tang's sister was a credible witness, it reasonably discounted her testimony because she could not corroborate Tang's assertions that he had faced persecution in China.

Tang's inconsistencies, questionable demeanor, and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Biao*

5

*Yang*, 496 F.3d at 273; *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to . . . the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."). The adverse credibility determination is dispositive of all relief because Tang's asylum, withholding of removal, and CAT claims all rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court